UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

ALAN REDDISH,

        Plaintiff,

YZZ LEE'S INCORPORATED d/b/a
SHINING LIGHT INN & SUITES,

        Defendant.
_____/

## COMPLAINT

Plaintiff, ALAN REDDISH, by his undersigned counsel, hereby files this Complaint and sues Defendant YZZ LEE'S INCORPORATION d/b/a SHINING LIGHT INN & SUITES., for injunctive relief attorneys' fees, and litigation costs, including but not limited to disbursements, court expenses, and other fees, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"). The mandates of 42 U.S.C. §12134(a), and the published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA.  This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331, and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## INTRODUCTION

1.      Defendant owns and/or operates that certain hotel known as SHINING LIGHT INN & SUITES, located in Kissimmee, Florida (the "Hotel"). The Hotel has a website located at

www.shininglighthotel.com (the "Website"). The Hotel takes reservations through its Website and provides information regarding available guestrooms and amenities.

2.     As of March 15, 2012, Defendant was required to ensure that all of its reservation systems, including its online reservation systems (a) identify and describe disabled accessible features of the Hotel in detail; (b) identify and describe disabled accessible features of ADA compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether the Hotel and its available guestrooms meet their individual accessibility needs (by describing accessible a inaccessible features); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms[1]. Defendant has not complied. This lawsuit follows.

## JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C., §§1331, 1343, as Plaintiff's claims arise under 42 U.S.C. §12181. et seq., based upon the enumerated violations of Title III of the Americans with Disabilities Act (see also, 28 U.S.C. §§ 2201 and 2202).

4.   This Court has personal jurisdiction over Defendant in this action. Defendant owns or operates the Website, which is an interactive website through which Defendant seeks to consummate financial transaction (reservations and payments) with residents of this District (and others) who visit the Website, and Defendant violated Plaintiff's civil rights in this District, as set forth more fully below.

5.     Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial Part of the events or omissions giving rise to the claims here at issue occurred in this

---

[1] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l). These requirements apply not only to the Website, but also to every online reservation system, including third party websites, on which reservations can be made to stay at the Hotel, including orbitz.com, travelocity.com, hotels.com, and others.

District; Plaintiff encountered Defendant's ADA violations in this District, and the injury to Plaintiff here at issue occurred in this District.

## PARTIES

6.     Plaintiff, ALAN REDDISH, was and is at all material times hereto above the age of 18 years, *sui juris,* and a resident of Broward County. He is a qualified individual with disabilities under the ADA law. Plaintiff is a confined to a motorized wheelchair since initially being diagnosed with primary lateral sclerosis and later diagnosed with Parkinson's disease. Plaintiffs access to the premises described below (the "Property" or "Facility") through Defendant's reservation system contained on its website, and therefore his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property, were restricted and limited because of Plaintiff s disability and will be restricted in the future unless and until Defendant is compelled to cure the ADA violations relating to the reservation system contained on its website. Plaintiff intends to visit Defendant's reservation system on its website for the Property soon to avail himself of the goods and services offered therein. Plaintiff plans to avail himself of the goods and services offered to the public at the property, and/or to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers and those found online, to access and ADA violations which exist at the facility and its online reservation system, including but not limited, to those set forth in the Complaint.

7.     Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether laces of public accommodation, including online reservation systems for places of lodging, are in compliance with the ADA.

8.     Defendant, YZZ LEE'S INCORPORATED d/b/a SHINING LIGHT HOTEL & SUITES., transacts business in the State of Florida and within this judicial district through its website. Defendant is the owner and operator of the Property, the hotel located at 4600 W Irlo Bronson Memorial Hwy, Kissimmee, FL 34746 and the corresponding reservation system found on its website and has control over its content. It also has control over the content listed in any third party reservation providers.

## VIOLATIONS OF THE AMERICANS WITH DISABILITES ACT AND CLAIM FOR INJUNCTIVE RELIEF

9.     On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

10.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for

Title III of the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these revised regulations on or before March 15, 2012.

11.     On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
>
>> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>>
>> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>>
>> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>>
>> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>>
>> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

12.     In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency,

immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A*.

13.     Hotels (and motels) are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A*. Moreover, "a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A*. Labeling a guestroom as "accessible" or "ADA" is not sufficient.

14.     In addition, hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not.  *28 C.F.R. Part 36, Appx. A*. Accordingly, Defendant is required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

15.     For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A*.

16.     However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum information about accessible entrances

to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added]. *28 C.F.R. Part 36, Appx. A*.

17.     The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Hotel is in a building constructed prior to the 1991 Standards.

18.     The Website (and all other online reservation platforms used by the Hotel) allow reservations for the Hotel to be taken online. The Defendant has control over information provided to the public about the Hotel through the Website and/or other online platforms.

19.     It is important to Plaintiff that any hotel at which he researches is accessible. Plaintiff frequently researches and assesses the accessible features and guestrooms of hotels online.

20.     While in this District, his home district, Plaintiff visited the Website to learn about accessible features of Defendant's Hotel, to assess whether the Hotel is accessible, and to see if he could reserve an accessible room at the Hotel online. Upon his visit, Plaintiff discovered that the Website did not provide him with any meaningful accessibility information at all or allow for the reservation of an accessible room (with known accessibility features). The Website provided information and took reservations related to non-accessible guestrooms, but not accessible guestrooms.

7

21.     The Website homepage and rooms page do not list any ADA accessibility information whatsoever or provide any way to reserve ADA accessible rooms or suites.[2]

22.     The Website also has inadequate accessibility information concerning common areas and hotel amenities. There is a page entitled amenities listing amenities of the Hotel, not including any accessibility features or information. There is no indication at any point no that the Hotel common areas meet the 1991 Standards, or alternatively (as applicable):

a.      Whether the public entrance to the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

b.      Whether the registration desk at the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

c.      Whether restaurant or other food service areas at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

d.      Whether any parking facilities, lots, or other parking accommodations at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

---

[2] Defendant is cautioned against deleting or destroying any version of the Website as it existed on the date of this filing, inasmuch as the same may constitute evidence in this lawsuit. All changes and edits should be carefully saved, catalogued, and produced.

e.      Whether the swimming pool (if any) complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

f.      Whether the business center complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

g.      Whether the meeting/ballroom areas comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

h.      Whether the route from the public entrance to the registration desk is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

i.      Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

j.      Whether the route from the public entrance to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

k.      Whether the route from the accessible guestrooms to the business center is

accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

l.      Whether the route from the public entrance to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

m.      Whether the route from the accessible guestrooms to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

n.      Whether the route from the public entrance to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

o.      Whether the route from the accessible guestrooms to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

p.      Whether the route from the public entrance to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them; q. Whether

the route from the accessible guestrooms to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

r.    Whether the route from the public entrance to the conference/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

s.    Whether the route from the accessible guestrooms to the meeting/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

23.    This is not intended to be an exclusive list, and Plaintiff brings this action to remediate all violations of the ADAAG found to exist upon the Website, and upon all online reservation platforms used by the Hotel.

24.    In addition to the list above, upon information and belief, Defendant may not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a

specific room is held in response to reservations made by others. Discovery is required on these issues.

25.     Plaintiff will visit the Website again upon the Defendant's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features of the Hotel, learn about the accessible (and inaccessible) features of Hotel guestrooms, assess the extent to which the hotels meet each of his specific accessibility needs, and determine whether he can reserve an accessible guestroom. If the Hotel is the most suited to his accessibility needs as compared to other suitable hotels reviewed online.

26.     Defendant has discriminated against Plaintiff and all other mobility-impaired individuals, by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Websites, due to the continuing ADA and ADAAG violations as set forth above. Defendant has had eight (8) years to bring the Website (and other online reservation platforms, as applicable) into compliance with the ADAAG revisions, but has failed or refused to do so.

27.     Modifying the Website (and other online reservation platforms, as applicable) to comply with the ADA and ADAAG is accomplishable without undue burden or expense and is readily achievable. But in any event, upon information and belief, the Website has been altered, updated, and edited, after 2010, but not in a manner compliant with 2010 ADAAG standards.

28.     Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access the Website (and other online reservation platforms, as applicable) unless and until Defendant modifies the Website (and other online reservation platforms, as applicable) to set forth all required information, as set forth above.

29.     Plaintiff is without an adequate remedy at law and are suffering irreparable harm, and Plaintiff reasonably anticipates that he will continue to suffer this harm unless and until Defendant is required to correct the ADA violations found upon the Websites (and other online reservation platforms, as applicable), and to maintain the Websites (and other online reservation platforms, as applicable), inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

30.     Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, including an Order that compels Defendant to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Website (and other online reservation platforms, as applicable), and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

**WHEREFORE,** Plaintiff, ALAN REDDISH, respectfully requests that this Court enter judgment against Defendant, and in his favor, as follows:

> a.      A declaration that the Website (and other online reservation platforms, as applicable) is owned, leased, operated, and/or controlled by Defendant is in violation of the ADA;
>
> b.      Temporary and permanent injunctive relief enjoining Defendant from continuing its discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the 2010 ADAAG Standards on its Website (and other online reservation platforms, as applicable);

13

c.     Temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content on any website through which it is offering online reservations for any hotel that it owns or operates, unless such website and online reservation system fully comply with 28 C.F.R. §36.302(e)(l);

d.     An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff;

e.     Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

Respectfully submitted,

*s/ Lauren Wassenberg*
LAUREN WASSENBERG, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 34083
1825 NW Corporate Drive, Suite 110
Boca Raton, Florida 33431
Ph: (561) 571-0646
Rule 2.516 Email Designation:
Primary: WassenbergL@gmail.com
Secondary: ADALawStaff@gmail.com

14